[NOT FOR PUBLICATION] [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 96-2208

MANUEL TAVARES,

Plaintiff, Appellee,

v.

MICHIGAN FISHING, INC.,

Defendant, Appellant.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge] 

 

Before

Stahl, Circuit Judge, 

Cyr, Senior Circuit Judge, 

and Lynch, Circuit Judge. 

 

Thomas E. Clinton, with whom Clinton & Muzyka, P.C. was on brief 
for appellant.
Michael B. Latti, with whom Carolyn M. Latti and Latti Associates 
LLP were on brief for appellee. 

 

October 24, 1997
 

Per Curiam. Michigan Fishing, Inc. ("Michigan") Per Curiam 

appeals the district court's denial of its motion for new trial

after the jury found it liable under the Jones Act, 46 U.S.C. 

688 (Supp. 1997), for bodily injuries sustained by plaintiff

Manuel Tavares while a seaman aboard the F/V CONCORDIA, owned by

Michigan. In particular, Michigan contends that the following

jury argument by plaintiff's counsel was unfairly prejudicial:

[Captain Jacobsen] says, I don't
remember. I don't remember whether I gave
someone a list after this accident, to fix
it. I don't remember. I don't remember.
That's all he keeps on saying, but we know 
that four days after there was this repair 
done and there was an invoice for it and it 
was done and it was on that starboard 
hoister. (emphasis added). 

Michigan argues that the quoted language invited the jury to

treat the invoice as substantive evidence of liability, even

though the invoice was never admitted in evidence.

There was no abuse of discretion. See Correa v. 

Hospital San Francisco, 69 F.3d 1184, 1194 (1st Cir. 1995), cert. 

denied, 116 S. Ct. 1423 (1996). The same invoice had been used 

earlier to impeach the ship's captain, after he denied knowing

whether any repairs were made to the hoister after the accident.

Furthermore, the trial judge promptly cautioned the jury that the

invoice was not to be considered substantive evidence, but only

for impeachment purposes.

Michigan nonetheless maintains that the jury must have

disregarded the district court instruction. It points to a later

jury note: "Why was invoice for repairs not submitted for

2

evidence? Exactly what did it show." Thereafter, however, the

trial judge firmly disabused the jury of any misconception

portended by the note:

First, "Why was invoice for repairs not
submitted for evidence?" Because it's not
admissible under the laws of evidence and the
law governing this case.
So, in answer to the second question,
I'll have nothing to say about what it shows
or not . . . or even if it's an invoice for
repairs. You have heard those things which
are admissible and I have charged you with
respect to them. 

Coupled with its earlier instruction that the invoice

could be considered only "to get a handle on the believability of

the witnesses who testified before [the jury], and nothing else

whatsoever[,]" the district court's later cautionary instruction

was sufficient to keep the jury on the proper track. See Conde 

v. Starlight I, Inc., 103 F.3d 210, 213 (1st Cir. 1997) ("We 

normally presume that a jury follows instructions to disregard

improper argumentation.").

Affirmed. Affirmed 

3